UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUCENDA BOBTAIL BEAR,<br><br>Defendant. | 1:19-CR-10034-01-CBK<br><br>OPINION AND ORDER |

Defendant Lucenda Bobtail Bear was sentenced by me on May 11, 2020, to 60 months imprisonment for conspiracy to distribute a controlled substance, which sentence was ordered to run concurrent to a ten-month revocation sentence imposed in 1:16-CR-10035-01-CBK on June 24, 2019. She has filed a form "motion for hardship credit for hard time served." Defendant is serving her sentence as FCI Aliceville in Aliceville, Alabama. She contends that she should receive two days credit for each day served due to the harsh conditions of confinement at FCI Aliceville since the beginning of the COVID 19 pandemic. She contends that the protections under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution warrant the relief requested.

The form motion used by the defendant in this case is apparently being used by several inmates at FCI Aliceville. See United States v. Mitchell, 2021 WL 1827202, at *1 (E.D. Mich. May 7, 2021), United States v. Razo, 2021 WL 1750853, at *1 (D. Kan. May 4, 2021), United States v. Ramirez, 2021 WL 1736872, at *1 (D. Kan. May 3, 2021), United States v. Brown, 2021 WL 1725545, at *1 (E.D. Tenn. Apr. 30, 2021), United States v. Boyce, 2021 WL 1726296, at *1 (E.D. Tenn. Apr. 30, 2021), United States v. Hernandez, 2021 WL 1668050, at *1 (W.D.N.C. Apr. 28, 2021), United States v. King, 2021 WL 1550307, at *1 (S.D. Tex. Apr. 19, 2021), United States v. King, 2021 WL 1550307, at *1 (S.D. Tex. Apr. 19, 2021), and Villagran v. United States, 2020 WL 3022494, at *1 (N.D. Ala. May 13, 2020), report and recommendation adopted, 2020 WL 3000964 (N.D. Ala. June 4, 2020).

As a general rule, once the district court imposes a sentence, it has no jurisdiction to revisit the term of imprisonment imposed. See Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir. 2007) ("the Sentencing Reform Act of 1984 dramatically curtails a district judge's

power to revise a sentence after its imposition"). Pursuant to 18 U.S.C. § 3582(c), the district court may not modify a sentence unless the compassionate release provisions of § 3582(c)(1)(A) apply, pursuant to Fed. R. Crim. P. 35, or unless the Sentencing Commission lowers the range applicable to the defendant' offense pursuant to § 3582(c)(2). The district court may also modify a sentence if directed to do so by the Court of Appeals. 28 U.S.C. § 2106. Finally, the district court may vacate a federal sentence and resentence a defendant pursuant to 28 U.S.C. § 2255 if the sentence was imposed in violation of federal constitutional or statutory law. Defendant has identified no basis for this court's jurisdiction to revisit her sentence.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992) (*citing* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). The BOP calculates inmate sentences pursuant to the Sentence Computation Manual, Program Statement 5880.28. I know of no federal statute or regulation that would allow a prisoner to receive two days credit for each day served on a sentence due to the conditions of confinement.

Any challenge to the execution of defendant's sentence should be brought under 18 U.S.C. § 2241 in the district where she is incarcerated, the Northern District of Alabama. Deroo v. United States, 709 F.3d 1242, 1245 (8th Cir. 2013), Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995). Defendant may bring a habeas action challenging the BOP's execution of her sentence only if she exhausts her administrative remedies by first presenting her claim to the BOP. Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009).

Any claim that the conditions of confinement at FCI Aliceville violate defendant's federal constitutional rights must be brought in a separate civil action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) ("A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights."). *See also*, Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990) ("An action under Bivens is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials.").

Defendant's motion for double credit for each day served at FCI Aliveville is not cognizable in her federal criminal case.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 89, for hardship credit for hard time served is denied.

DATED this 13th day of May, 2021.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge